NOT DESIGNATED FOR PUBLICATION

No. 114,240

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

CITY OF HUTCHINSON,
*Appellee*,

v.

MICHAEL PATRICK CONWAY,
*Appellant*.

MEMORANDUM OPINION

Appeal from Reno District Court; TRISH ROSE, judge. Opinion filed December 15, 2017. Reversed and remanded with directions.

*Michael S. Holland II*, of Holland and Holland, of Russell*,* for appellant.

*Michael C. Robinson*, of Forker, Suter, Robinson & Bell LLC, of Hutchinson, for appellee.

Before STANDRIDGE, P.J., PIERRON, J., and BURGESS, S.J.

PER CURIAM:  The City of Hutchinson charged Michael Patrick Conway with driving under the influence of alcohol. Conway was convicted. In an appeal to the district court from the municipal conviction, Conway moved to suppress evidence of his blood alcohol content arguing he did not voluntarily consent to the breath test due to the invalidity of the implied consent advisory that was provided to him. He agreed to waive his right to a jury trial and submitted both the motion to suppress and the charges to the court on stipulated facts. The district court denied Conway's motion to suppress and found him guilty of driving under the influence. Conway received a 180-day sentence—5 days to be served in the Reno County jail and the balance suspended, a $1,250 fine, and

1

12 months' probation. Conway reserved the right to appeal an adverse decision on his motion to suppress and timely appealed. We reverse and remand.

The relevant facts are contained within the stipulation. A police officer initiated a traffic stop involving Conway after the officer observed the tires of Conway's vehicle break traction. After approaching the vehicle, Officer Flynn observed the driver had bloodshot eyes, smelled of alcohol, and slurred his speech. The officer began an investigation into whether Conway was driving under the influence. Ultimately, the officer arrested Conway for driving under the influence and transported him to the jail. The parties agree that the officer had probable cause to conduct the arrest.

At the jail, Officer Flynn presented to Conway, both orally and in writing, an implied consent advisory. The implied consent advisory informed Conway that if he refused to submit to the test, he could be charged with a separate crime of refusing to submit to the test. Following the advisory, Conway agreed to have his blood-alcohol content measured through a breath test using the Intoxilyzer 8000. This test showed Conway's blood-alcohol content was .232.

The only question on appeal is whether the district court erred by not suppressing the evidence from Conway's breath test. Our decision is controlled by *State v. Nece*, 303 Kan. 888, 367 P.3d 1260 (2016) (*Nece I*), *aff'd on reh's* 306 Kan. 679, 396 P.3d 709 (2017) (*Nece II*). In *Nece I*, the court determined that a driver's consent to a breath test that was premised on the threat of criminal prosecution for refusal contained in the implied consent advisory "was unduly coerced because, contrary to the informed consent advisory, the State could not have constitutionally imposed criminal penalties if [the driver] had refused to submit to breath-alcohol testing. Thus, because [the] consent was premised on inaccurate information in the advisory, [the] consent was involuntary." 303 Kan. at 889.

We are duty bound to follow precedent of the Kansas Supreme Court unless there is an indication that the court is altering its previous position. *State v. Ottinger*, 46 Kan. App. 2d 647, 655, 264 P.3d 1027 (2011). The Supreme court reheard *Nece I* based upon the United States' Supreme Court's holding in *Birchfield v. North Dakota*, 579 U.S. __, 136 S. Ct. 2160, 195 L. Ed. 2d 560 (2016), and affirmed the decision. *Nece II*, 306 Kan. at 680-81. By affirming the decision in *Nece II*, the Supreme Court has indicated that it is not altering its position. We are bound to apply the holding in *Nece I*.

Conway was provided an implied consent advisory that informed him that he could face criminal prosecution if he refused consent. Applying *Nece I* to the present facts, Conway's consent to breath-alcohol testing was involuntary, because it was unduly coerced by the threat of unconstitutional criminal punishments. See *Nece I*, 303 Kan. at 889. In light of the holding in *Nece I*, the evidence obtained from the breath test must be suppressed.

Reversed and remanded for further proceedings consistent with this opinion.